IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

RAYMOND REGINALD PEOPLES, JR.        §

VS.                                  §               CIVIL ACTION NO. 1:25cv117

ZENA STEPHENS                        §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Raymond Reginald Peoples, Jr., an inmate at the Jefferson County Correctional Facility, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing this action as frivolous and for failure to state a claim. Additionally, the magistrate judge recommends declining the exercise of supplemental jurisdiction.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit and should be overruled for the reasons set forth in the Report. Additionally, since plaintiff seeks monetary damages for the time he has been confined, plaintiff's claims are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In order to recover damages for allegedly unconstitutional convictions or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a plaintiff in a suit brought pursuant to 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Heck*, 512 U.S. 477. A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of action under Section 1983. The principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to Section 1983 actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. *Id*. at 486. Plaintiff has failed to allege or demonstrate his convictions have been reversed or otherwise called into question.

O R D E R

Accordingly, plaintiff's objections are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED. It is

ORDERED that the exercise of supplemental jurisdiction is DECLINED in accordance with 28 U.S.C. § 1367(c). A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 15th day of May, 2026.**

_____
Michael J. Truncale
United States District Judge